IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ANDREW STOLFI, in his official capacity as Director of the Oregon Department of Consumer and Business Services,<br><br>        Defendant. | Case No.  6:19-cv-01996-MO<br><br>DECLARATORY JUDGMENT |

### DECLARATORY JUDGMENT

Pending before the Court are the Parties' Cross-Motions for Partial Summary Judgment on Plaintiff's challenge to Oregon's House Bill 4005, 2018 Or. L. Ch. 7. Plaintiff alleges that H.B. 4005 violates the Takings Clause of the Fifth Amendment of the United States Constitution; is preempted by the Defend Trade Secrets Act and the Supremacy Clause of the United States

Page 1 -   DECLARATORY JUDGMENT

Constitution; violates the Commerce Clause of the United States Constitution; and violates the First Amendment of the United States Constitution.

The Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion for Partial Summary Judgment, ECF No. 25, and **GRANTS IN PART and DENIES IN PART** Defendant's Motion for Partial Summary Judgment, ECF No. 29. Specifically, the Court **GRANTS** Plaintiff's Motion for Summary Judgment on its claim under the Takings Clause of the Fifth Amendment; **GRANTS** Defendant's Motion for Partial Summary Judgment on Plaintiff's preemption claim; **DENIES** the Parties' Cross-Motions for Summary Judgment on Plaintiff's Commerce Clause claim; and **GRANTS** Plaintiff's Motion for Summary Judgment on its First Amendment claim. ECF No. 71.

Per that ruling and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), the Court hereby:

(1) **DECLARES** that the publication of a manufacturer's trade secrets under the Public Interest Exception, House Bill No. 4005, 2018 Or. L. Ch. 7, § 2(10)(a), constitutes a taking of private property under the Fifth Amendment to the United States Constitution, and that any invocation of the Public Interest Exception by Defendant without simultaneously providing just compensation for that taking would accordingly violate the Fifth Amendment; and

(2) **DISMISSES WITH PREJUDICE** Plaintiff's claim that House Bill 4005, 2018 Or. L. Ch. 7, §2(10)(a), is preempted by the Defend Trade Secrets Act and the Supremacy Clause; and

(3) **DECLARES** that H.B. 4005's reporting requirement, House Bill 4005, 2018 Or. L. Ch. 7, § 2(3), violates the First Amendment to the United States Constitution and is, therefore, unenforceable.

This judgment completely resolves Plaintiff's Fifth Amendment, preemption, and First Amendment claims. The Court hereby certifies that "there is no just reason for delay" of entry of final judgment on these claims. Fed. R. Civ. P. 54(b). The Court's entry of judgment at this stage

will award Plaintiff with an enforceable declaratory judgment. The claims subject to this judgment involve no material facts intertwined with Plaintiff's remaining claim under the Commerce Clause, and allowing appellate review of this final judgment on fewer than all of Plaintiff's claims is likely to lead to the termination of this litigation. The Court therefore enters this judgment as its final judgment on the Second Claim (First Amendment), the Third Claim (Defend Trade Secrets Act and Supremacy Clause), and the Fourth Claim (Takings Clause of the Fifth Amendment) of Plaintiff's Complaint, ECF No. 1. Fed. R. Civ. P. 54(b). The Parties' Cross-Motions are **DENIED** in other respects consistent with the Court's oral ruling.

    A full basis for these rulings, in addition to those stated on the record, will be set forth in a written opinion to follow.

    DATED February 16, 2024.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Court Judge